*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0228**

Chaquita Broadway,
Relator,

vs.

Minnesota State Agricultural Society-Minnesota State Fair,
Respondent,

Island Therapeutic Massage Wellness Center,
Respondent,

Department of Employment and Economic Development,
Respondent.

**Filed October 27, 2014
Remanded
Kirk, Judge**

Department of Employment and Economic Development
File No. 31798925-2

Chaquita Broadway, St. Paul, Minnesota (pro se relator)

Minnesota State Agricultural Society-Minnesota State Fair, St. Paul, Minnesota (respondent)

Island Therapeutic Massage Wellness Center, Woodbury, Minnesota (respondent)

Lee B. Nelson, Department of Employment and Economic Development, St. Paul, Minnesota (for respondent department)

        Considered and decided by Rodenberg, Presiding Judge; Worke, Judge; and Kirk, Judge.

UNPUBLISHED OPINION

**KIRK**, Judge

In this certiorari appeal, relator argues that the unemployment-law judge (ULJ) erred by concluding that she did not meet the minimum requirements to establish an unemployment-benefit account. We remand for additional findings.

## FACTS

In June 2008, relator Chaquita Broadway established a benefit account with respondent Minnesota Department of Employment and Economic Development (DEED) after she separated from her employment. DEED determined that Broadway was ineligible for benefits, and Broadway brought a certiorari appeal. This court dismissed the appeal.

For a ten-day period from the end of August through the beginning of September 2012, Broadway worked at respondent Minnesota State Agricultural Society—Minnesota State Fair. She earned $1,148.44 during that period. From November 2012 through January 2, 2013, Broadway worked at respondent Island Therapeutic Massage Wellness Center. Broadway told DEED that Island Therapeutic paid her $2,100 during that time period, but Island Therapeutic did not provide DEED with any information about the wages it had paid Broadway. At Broadway's request, DEED completed a field audit. Based on two check stubs and three timecards, a DEED auditor estimated that Island Therapeutic paid Broadway $1,080 during her employment. As a result, a DEED clerk determined that Broadway was ineligible for state unemployment benefits because she

2

did not meet the minimum requirements to establish a benefit account, but she was eligible for federal extended unemployment compensation from her 2008 benefit account.

Broadway again worked at the Minnesota State Fair during its ten-day run in 2013. On September 1, Broadway applied for unemployment benefits. At that time, the base period for determination of her unemployment benefits was July 1, 2012, through June 30, 2013. A DEED clerk determined that Broadway did not qualify for a benefit account because she did not earn at least $2,500 during her base period. Broadway again requested a field audit. After conducting an audit, a DEED auditor added an additional $210 in wages to her base period. A DEED clerk added that amount to the wages Broadway earned at Island Therapeutic and at the 2012 Minnesota State Fair, and concluded that Broadway earned $2,438.44 in wages during her base period. Because that amount was less than the $2,500 minimum requirement to earn unemployment benefits during that time period, the clerk determined that Broadway remained ineligible for unemployment benefits. Broadway appealed.

After holding an evidentiary hearing, a ULJ concluded that Broadway did not meet the minimum requirements to establish an unemployment-benefit account. Broadway requested reconsideration, and the ULJ affirmed her previous decision. This certiorari appeal follows.

**DECISION**

When reviewing a ULJ's eligibility decision, this court may affirm, remand for further proceedings, or reverse or modify the decision if the substantial rights of the relator have been prejudiced because the findings, inferences, conclusion, or decision are

3

affected by an error of law or are unsupported by substantial evidence. 2014 Minn. Laws ch. 271, art. 1, § 1 (to be codified at Minn. Stat. § 268.105, subd. 7(d) (2014)). We review a ULJ's legal conclusions de novo. *Stagg v. Vintage Place Inc.*, 796 N.W.2d 312, 315 (Minn. 2011).

To establish an unemployment-benefit account, "an applicant must have total wage credits in the applicant's four quarter base period of at least: (1) $2,400; or (2) 5.3 percent of the state's average annual wage rounded down to the next lower $100, whichever is higher." Minn. Stat. § 268.07, subd. 2(a) (2012). For the purposes of calculating an applicant's wage credits, "the state's average weekly wage applies to the one-year period beginning the last Sunday in October of the calendar year of the calculation." Minn. Stat. § 268.035, subd. 23(c) (2012). The state's average annual wage during the 12-month period between October 28, 2012, and October 26, 2013, was $47,616; 5.3% of that amount, rounded to the next lower $100, is $2,500.[1]

Broadway argues that she met the minimum requirements necessary to receive unemployment benefits. It is undisputed that Broadway had wage credits during her base period of at least $2,438, but the parties dispute whether Broadway earned an additional $550 during her employment at Island Therapeutic.

---

[1] The ULJ implicitly took judicial notice of the state's average annual wage. A ULJ "may take notice of facts within the judge's specialized knowledge in the field of unemployment insurance." 39 Minn. Reg. 147, 154 (Aug. 4, 2014) (to be codified at Minn. R. 3310.2923 (Supp. 2014)). We note that the rule requires a ULJ to state on the record that she is taking judicial notice of a fact, and the ULJ did not do so here. But because Minnesota's average annual wage is within a ULJ's specialized knowledge and Broadway does not challenge the average annual wage the ULJ used, the ULJ did not err by taking judicial notice of that fact.

4

At the evidentiary hearing, Broadway testified that she received two personal checks totaling $550 from the owner of Island Therapeutic, in addition to the $1,290 in wages from Island Therapeutic that she was able to document. Broadway testified that she had tried to contact her employer to get a copy of the checks, but she was unable to get in touch with her. She also testified that she contacted the bank from which the checks were drawn, but they were unable to provide her with any information. The ULJ did not make a credibility determination regarding Broadway's testimony. "When the credibility of a witness testifying in a hearing has a significant effect on the outcome of the decision, the [ULJ] must set out the reason for crediting or discrediting that testimony." 2014 Minn. Law ch. 251, art. 2, §§ 15, 24(b) at 862, 870 (to be codified at Minn. Stat. § 268.105, subd. 1a(a) (2014)). Credibility was central to the ULJ's decision because Broadway's testimony was the only evidence that she received an additional $550 in wages. Because the ULJ's decision not to credit Broadway's testimony had a significant effect on the outcome, the ULJ was required to provide her reason for discrediting that testimony. *See id.*; *Wichmann v. Travalia*, 729 N.W.2d 23, 29 (Minn. App. 2007). Because the ULJ failed to do so, we remand for the ULJ to make additional findings.

**Remanded.**

5